**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 10, 2003**

Charles R. Fulbruge III
Clerk

I n the

# United States Court of Appeals

## for the Fifth Circuit

---

m 03-30139
Summary Calendar

---

LINDA F. WAFER,

Plaintiff-Appellant,

VERSUS

JAMES PERSON; CHUCK NORENBERG; NORMA REEDY;
AMERICAN POSTAL WORKERS UNION; PATSY PIQUE,

Defendants-Appellees,

---

Appeal from the United States District Court
for the Western District of Louisiana
m 02-CV-1278

---

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Linda Wafer, *pro se*, appeals the dismissal of her suit against several postal employees and their union. Reviewing the dismissal *de novo*, *Brown v. NationsBank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999), we affirm.

Wafer sued the Postmaster General for discrimination and breach of a labor agreement. The district court dismissed that suit, based partly on the defendants' affidavits. Wafer then sued defendants, essentially for lying in their affidavits. She cryptically accused them of libel, obstruction of justice, perjury, misuse of process, and abuse of office. The district court dismissed, holding that the defendants had absolute immunity for statements made as witnesses.

Although Wafer does not specify whether her suit arises under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), or the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the source of law makes no difference. Witnesses have absolute immunity from a *Bivens* action based on their testimony. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983); *Charles v. Wade*, 665 F.2d 661, 666 (Former 5th Cir. 1982). Louisiana law also gives non-party witnesses absolute immunity from damages based on their former testimony.[1] *Marrogi v. Howard*, 805 So. 2d 1118, 1126 (La. 2002). Defendants are therefore entitled to absolute immunity in any event.[2]

AFFIRMED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Under the Federal Tort Claims Act, we apply the law of the state in which the events occurred. 28 U.S.C. §§ 1346(b)(1), 2674; *Brown*, 188 F.3d at 586. Louisiana law gives a non-party witness absolute immunity only for "pertinent and material" testimony, *Marrogi*, 805 So. 2d at 1126, but Wafer concedes that the defendants' affidavits were relevant to her earlier suit.

[2] To the extent that any defendants are not federal officers for purposes of *Bivens* or the Federal Tort Claims Act, the district court had supplemental jurisdiction over Wafer's claims against them, 28 U.S.C. § 1367, and they too have absolute immunity from her claims, *Marrogi*, 805 So. 2d at 1126.